UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WARREN EASLEY,

Plaintiff,

v.

DEPUTY ROWE, *et al.*,

Defendants.

CIVIL ACTION NO. 3:25-cv-01186

(SAPORITO, J.)

## <u>MEMORANDUM</u>

Plaintiff Warren Easley proceeds against 32 defendants on a variety of claims arising from his confinement at SCI-Rockview. The defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 20, arguing that the claims are misjoined. (Doc. 26).

For the following reasons, the motion will be granted in part. Easley's claims pertaining to alleged incidents on August 28, 2024, and October 1, 2024, will be dismissed without prejudice, and he will be ordered to advise the Court whether he wants the remaining claims to be dismissed or severed into no more than three separate actions.

## I.   LEGAL STANDARDS

Under Rule 20, claims against multiple defendants may be joined in the same action only if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).[1] "Courts generally apply a case-by-case approach when considering whether the facts of several claims constitute . . . a series of transactions or occurrences." *Russell v. Chesapeake Appalachia, L.L.C.*, 305 F.R.D. 78, 81 (M.D. Pa. 2015) (citation omitted). A series of transactions or occurrences may involve "(1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties." *See id.* (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)).

Allegations of separate incidents involving the same prisoner in a single facility do not necessarily suggest that those incidents arose from the same series of transactions or occurrences. *See, e.g., Stevens v.*

---

[1] "Courts in this Circuit have found that 'the same series of transactions or occurrences prerequisite under Rule 20 essentially consumes the second requirement'" of a question of law or fact common to all joined parties. *Beckett v. Grant*, No. 1:18-CV-00329, 2018 WL 4354468, at *6 (M.D. Pa. Sept. 12, 2018) (quoting *Norwood Co. v. RLI Ins. Co.*, No. 01-6153, 2002 WL 523946 at *3 (E.D. Pa. Apr. 4, 2002)).

*Andrews*, No. 3:25-CV-1878, 2026 WL 475920, at \*2 (M.D. Pa. Feb. 19, 2026). However, for courts applying Rule 20, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). Furthermore, once a defendant has been properly joined to a case, the plaintiff "may join, as independent or alternative claims, as many claims as it has" against that defendant. Fed. R. Civ. P. 18(a).

"Misjoinder is not a ground for dismissing an action." Fed. R. Civ. P. 21. Rather, a district court has two options for dealing with misjoined claims: to (1) "drop" misjoined parties from the case on "just terms," or (2) sever the claims into separate lawsuits. *See id.*; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). Courts have discretion to determine whether to drop or sever misjoined claims, but must not "prejudice any substantial right" of the plaintiff. *DirecTV*, 467 F.3d at 846 (citation omitted). Because dropping a party does not toll the applicable statute of limitations, "a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing

dismissal over severance." *Id.*

## II.  DISCUSSION

Easley's complaint asserts claims based on a variety of alleged incidents at SCI-Rockview between March 2023 and October 2024. These include allegations of unsafe and unsanitary conditions of confinement; retaliation for grievances about the alleged conditions; several allegations of excessive force, mainly in connection with his medical care; and complaints about the medical staff's response to his risk of suicide.

Defendants contend that the complaint could be understood as "eleven distinct claims," and should be dismissed with Easley directed to "file separate matters for the separate causes of action." Easley contends that making him file separate complaints would cause undue delay, and that there is sufficient factual overlap among the claims because they arose while he was held in the Behavioral Management Unit, which he alleges had "separate guards, staff [and] administration" from the rest of the prison.

Upon review, we agree with the defendants that Easley's claims do not all arise out of the same transaction, occurrence, or series of transactions or occurrences. Consistent with the standards described

above, we find Easley's pending claims could be separated into four actions, consisting of the following claims:

- (1) Easley's Eighth Amendment claims against defendants Mauk, Salamon, Rowe, Woodring, and Miller, retaliation claims against Rowe, Woodring, and Miller, and ADA claim against Salamon, which arise from allegedly unsafe or unsanitary conditions of confinement;

- (2) Easley's excessive force claims against defendants Sheesley, Weber, Smith, Burns, MacIntyre, and John Does 1, 2, 3, 4, and 9, and his failure to protect claims against Stryker, Hummel, and Groth, all of which arise from alleged incidents of excessive force in June and July 2023;

- (3) Easley's Eighth Amendment medical care claims against Davis, Durst, and Bowman, related negligence claims against Davis, Durst, Bowman, Erin Smith and Nurse Dawn, and retaliation claims against Durst and Bowman; and

- (4) Easley's claims arising from alleged incidents of excessive force on August 28, 2024, and October 1, 2024, including his excessive force claims against Fye, Thompson, Tom, Bagrosky, Vogt, and John

Does 5 through 8, his failure to protect claim against McKaulley, and his retaliation claim against Vogt.

Most of Easley's federal claims are brought under 42 U.S.C. § 1983, which is subject to a two-year statute of limitations in Pennsylvania federal courts. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). A two-year limit also applies to his ADA claim (*see Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008)) and negligence claims (*see* 42 Pa. C.S. § 5524).

By these standards, the claims arising from Easley's August 28, 2024, hunger strike and October 1, 2024, restraint chair incident (collected above as case number 4) are still well within the statutes of limitations. Accordingly, those claims will be "dropped," *i.e.*, dismissed without prejudice. The rest of Easley's claims may have accrued prior to May 2024, leaving them potentially vulnerable to dismissal if he had to file new complaints. Therefore, we will permit him 30 days in which to advise how he wants to proceed with these claims. He can elect to voluntarily dismiss any or all of these claims, "request severance of this action into [three] separate lawsuits pursuant to Federal Rule of Civil Procedure 21; or . . . some combination of the foregoing two options."

*Stevens*, 2026 WL 475920, at *3. Easley is warned that if he requests severance of the claims into separate cases, he will be required to pay a $350.00 filing fee for each case, with the filing fees taken concurrently from his prisoner account. *See id.*; *Zamichieli v. DelBalso*, No. 3:17-CV-1898, 2018 WL 3727416, at *2 (M.D. Pa. Aug. 6, 2018) (a prisoner cannot use misjoined claims "to circumvent the PLRA's filing fee requirements").

## III.    CONCLUSION

Defendants' motion to dismiss will be granted in part. Easley's claims arising from his alleged August 28, 2024, hunger strike and October 1, 2024, restraint chair incident will be dismissed without prejudice. Easley must advise the Court whether he wishes to proceed with the remaining claims in separate cases or dismiss those claims. An appropriate order follows.

Dated: April 30, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge