UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WARREN EASLEY,

    Plaintiff,

    v.

DEPUTY ROWE, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:25-cv-01186

(SAPORITO, J.)

## ORDER

**AND NOW,** this 17th day of June, 2026, in accordance with the Court's prior memorandum (Doc. 33) and plaintiff's letter (Doc. 35) requesting that his remaining misjoined claims be severed rather than dismissed[1], **IT IS HEREBY ORDERED** that:

1.    Plaintiff's remaining claims will be **SEVERED** into three separate cases. Although plaintiff is indigent, he must pay the filing fees for each case in installments. *See* (Doc. 33 at 7); *Bruce v. Samuels*, 577 U.S. 82 (2016).

---

[1] Plaintiff expresses confusion as to the status of his claims arising from alleged incidents of excessive force on August 28, 2024, and November 1, 2024. Those claims were dismissed without prejudice, *see* (Doc. 34, ¶ 1), which means that he may file new complaint(s) raising these claims. If he does, he must pay any applicable filing fees.

2.    The Clerk is **DIRECTED** to open a second case. In that case, plaintiff may litigate his excessive force claims against defendants Sheesley, Weber, Smith, Burns, MacIntyre, and John Does 1, 2, 3, 4, and 9, and his failure to protect claims against Stryker, Hummel, and Groth. The Clerk is **DIRECTED** to open a new case using the complaint from the above-captioned case, send plaintiff a copy of the new docket and an application to proceed *in forma pauperis*, and issue any appropriate Administrative Order(s) directing plaintiff to resolve his filing fee status in the new case.

3.    The Clerk is **DIRECTED** to open a third case. In that case, plaintiff may litigate his Eighth Amendment medical care claims against defendants Davis, Durst, and Bowman, related negligence claims against Davis, Durst, Bowman, Erin Smith and Nurse Dawn, and retaliation claims against Durst and Bowman. The Clerk is **DIRECTED** to open a new case using the complaint from the above-captioned case, send plaintiff a copy of the docket and an application to proceed *in forma pauperis*, and issue any appropriate Administrative Order(s) directing plaintiff to resolve his filing fee status in the new case.

4.    The remaining claims will proceed in this case, including

plaintiff's Eighth Amendment claims against defendants Mauk, Salamon, Rowe, Woodring, and Miller, his retaliation claims against Rowe, Woodring, and Miller, and his ADA claim against Salamon. The Clerk is **DIRECTED** to terminate all other defendants from the docket of this case.

5.      Within <u>14 days</u> of this order, the remaining defendants in this case must **FILE** an answer to plaintiff's complaint, which need only address the claims that are proceeding in this case. *See* (¶ 4), *supra*; Fed. R. Civ. P. 12(a)(4).

6.      Discovery in this case must be completed by <u>**September 17, 2026**</u>.

7.      Dispositive motions in this case must be filed by <u>**October 19, 2026**</u>.

Dated: June 17, 2026               <u>*s/Joseph F. Saporito, Jr.*</u>
                                   JOSEPH F. SAPORITO, JR.
                                   United States District Judge